# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-514V
### Filed: September 29, 2016
### UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ROBIN ADKINS, as Personal Representative of the Estate of SHERMAN ARROWOOD, deceased, | * * * * | |
| Petitioner, | * | Attorneys' Fees and Costs; |
| v. | * * | Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana Sedar, Maglio, Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.*
*Jennifer Reynaud, U.S. Department of Justice, Washington, DC for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 19, 2015, Robin Adkins, as Personal Representative of the Estate of Sherman Arrowood, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on October 15, 2012, Mr. Arrowood sustained a vaccine-related injury diagnosed as Guillain-Barré Syndrome ("GBS"), and subsequently died. Petitioner alleges that Mr. Arrowood's death was the sequela of his alleged vaccine-related injury. Pet. at ¶¶ 1, 2, 6, 8. On July 13, 2016, the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No 35).

On September 26, 2016, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 39).[3] Petitioner requests attorneys' fees and costs in the amount of $22,000.00, and petitioner's out-of-pocket costs in the amount of $53.44 for a total amount of $22,053.44. *Id.* at 1. In compliance with General Order #9, petitioner has filed a signed statement indicating she incurred $53.44 in out-of-pocket expenses. *See* Exhibit 15, filed as an Attachment to Petitioner's Motion (ECF No. 39).[4]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $22,053.44[5] as follows:**

- **A lump sum of $22,000.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Diana Sedar of Maglio, Christopher & Toale PA; and**

- **A lump sum of $53.44, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

Per petitioner's request, the award for attorney's fees and costs shall be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236 which is the address of record for petitioner's counsel. Petitioner's Motion at ¶ 8.

The clerk of the court shall enter judgment in accordance herewith.[6]

---

[3] The motion was filed as an unopposed motion and indicates respondent has no objection. Petitioner's Motion at ¶ 5.

[4] Additionally, in accordance with General Order #9, petitioner's counsel represents that petitioner incurred $53.44 in out-of-pocket expenses. Petitioner's Motion at ¶ 4.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
